LAMOTTE v. SMITH.

MANDAMUS—CIRCUIT JUDGE—CHAMBERS—JURISDICTION.—An issue in mandamus should be tried where respondent resides, and a Judge of such Circuit has no jurisdiction to hear at chambers such an issue while holding Court in another Circuit.

Before GARY, J., Newberry, November, 1896. Reversed.

Applications by Thos. J. LaMotte for writs of mandamus against James M. Smith, magistrate, requiring him to issue warrants against John C. Seegers and Charles Narey, charging them with keeping nuisances, in violation of the dispensary law, in selling beer in the city of Columbia. The proceeding was commenced in the name of the State, but upon motion of the attorney general, so much of the title was stricken out, because permission to use the name of the State was not first asked for and obtained. Both petitioner and respondent are residents of Richland County. Writs granted. Respondent appeals.

*Messrs. J. S. Muller* and *John P. Thomas, jr.,* for appellant, cite: *On jurisdiction:* 3 S. C., 421; 8 S. C., 262; Rev. Stat., 2247, 2249; 34 S. C., 200.

*Assistant Attorney General C. P. Townsend* appeared for State Board of Control.

*Respondent, for himself,* cites: *On jurisdiction:* Con. 1895, art. V., sec. 25; Rev. Stat., 2247–8–9.

Oct. 7, 1897. The opinion of the Court was delivered by Mr. Justice Jones. These were applications for writs of mandamus to compel James M. Smith, as magistrate for the city of Columbia, Richland County, to issue arrest warrants, and warrants of seizure, under section 22 of the dispensary act, against John C. Seegers in one case, and Charles Narey in the other, charged with violating said act. The two cases, for convenience, were heard together. They were heard by Judge Gary, Judge of the Fifth Circuit, at chambers at Newberry, while holding the October term of Court for Newberry County, in the Seventh Circuit. This is an appeal from his order issuing the writs commanding James M. Smith, as magistrate, to take the affidavit of the relator and issue the warrant of arrest, as prayed for in the petition.

The first question presented is, whether Judge Gary had

jurisdiction to hear and determine such applications for mandamus at chambers in the Seventh Circuit. These causes arose in the county of Richland, in the Fifth Circuit, of which Judge Gary was Judge, and when the writs were issued, Judge Buchanan was holding court in the Fifth Circuit.

Art. V., sec. 15, of the Constitution of 1895 provides: "The Courts of Common Pleas shall have original jurisdiction, subject to appeal to the Supreme Court, to issue writs or orders of injunction, mandamus, habeas corpus, and such other writs as may be necessary to carry their powers into full effect," &c. Art. V., sec. 25, provides: "Each of the Justices of the Supreme Court and Judges of the Circuit Court shall have the same power at chambers to issue writs of habeas corpus, mandamus, * * * as when in open Court. The Judges of the Circuit Court shall have such powers at chambers as the General Assembly may provide." Art. V., sec. 13: "The State shall be divided into as many judicial circuits as the General Assembly may prescribe, and for each circuit a Judge shall be elected," &c. Art. V., sec. 14: "Judges of the Circuit Courts shall interchange circuits with each other, and the General Assembly shall provide therefor."

The statutory provisions on the subject are as follows: Sec. 2247 Rev. Stat., sec. 2115 Gen. Stat.: "The Judges of the Courts of Common Pleas shall have power, at chambers, to grant writs of * * * mandamus, * * * in the same manner, in every respect, as if the Court was actually sitting," &c. Sec. 2248 Rev. Stat., 2116 Gen. Stat.: "Every Judge, while holding the Circuit Court for any circuit, pursuant to the provisions of the law of this State, shall be invested with powers equal to those of the Judge of each circuit, and may hear and determine all causes and motions and grant all orders in open court, or at chambers, which it is competent for the Judge residing in such circuit to hear, determine or grant, any law, usage or custom to the contrary notwithstanding." Sec. 2249 Rev. Stat., 2117

Gen. Stat.: "Every Circuit Judge in this State shall at all times have jurisdiction to discharge and perform all the duties of his office within the circuit wherein he resides, except the holding of Circuit Courts therein, when some other Circuit Judge shall be engaged in holding said Court."

The question must be determined by a construction of the foregoing constitutional and statutory provisions. In the case of *Salinas & Sons* v. *Aultman & Co.*, 49 S. C., 386, this Court construed art. V., sec. 25, *supra*, as it related to the power of a Justice of the Supreme Court to issue a writ of injunction at chambers. Judge Aldrich, acting Associate Justice, speaking for the Court, said: "The words, 'as when in open Court,' mean, that each of the Justices of the Supreme Court has 'the same power at chambers to issue writs of *habeas corpus* * * * and interlocutory writs or orders of injunction' as all of the Justices might issue when in open Court. The term 'each' is used in contradistinction to 'all' of the Justices, as implied necessarily in the term 'Court,' which is made up of 'all' of the Justices, the term 'chambers' in contradistinction to 'open Court;' and the power of the several Justices in granting interlocutory orders at chambers is the same 'as' the 'Court' when it is 'open' in considering an application for an interlocutory writ or order of injunction." It will be seen that the power of a Justice of the Supreme Court at chambers in the matters specified is the same as that of all the Justices when actually sitting in open Court. As a Justice of the Supreme Court is confined to no territorial limits, the place where he attempts to exercise chambers jurisdiction within the State, cannot affect the question as to him, but, as under art. V., sec. 13, *supra*, a Circuit Judge is elected as the Judge of a specified territory or circuit, his power at chambers, under the section of the Constitution cited, must be construed as limited in its exercise within his circuit. The right of a Circuit Judge to exercise chambers jurisdiction out of his circuit is to be derived from the latter part of

36—50

art. V., sec. 25, which provides, "the Judges of the Circuit Courts shall have such powers at chambers as the General Assembly may provide," from art. V., sec. 14, providing for interchange of circuits, and from the statutes pursuant thereto. In the case of *State ex rel. Canady* v. *Black*, 34 S. C., 200, the power of a Circuit Judge to issue writs of *certiorari* at chambers was considered in connection with secs. 13 and 14, art. IV., of the Constitution of 1868, which were practically the same as secs. 13 and 14, of art. V., of the Constitution of 1895, quoted above, and in connection with secs. 2116 and 2117 of the General Statutes, now constituting secs. 2248 and 2249 of the Revised Statutes 1893, quoted above. The Court said: "Assuming, for the purposes of this case only, that a Circuit Judge has at chambers the power to grant a writ of *certiorari*, it seems clear, from the express terms of the section claimed to confer the power, that he can only exercise such power 'in the same manner, in every respect, as if the Court was actually sitting.' In other words, that a Judge at chambers has the same power—no less and no more—than the Court itself would have if it were sitting at the time. So that the practical question is, whether the Court of Common Pleas, while sitting in the First Circuit, would have the power to grant the writ of *certiorari* in a case arising in another circuit and there triable. Upon this question, we do not see how there can be two opinions. It seems to us, that secs. 13 and 14, of art. IV., of the Constitution, read in connection with secs. 2116 and 2117 of the General Statutes, together with the case of *Ex parte Parker* (6 S. C., 472), point to but one conclusion, and that is, that the Court of Common Pleas, while sitting in one circuit, has no jurisdiction over a case pending in another circuit."

Proceedings in mandamus are triable in the county where the respondent resides. It is true, that sections 145 and 146 of the Code of Procedure, relating to the place of trial of civil actions, does not directly apply to proceedings in mandamus, since section 452 of the Code provides that "until

the legislature shall otherwise provide, the second part of this Code of Procedure shall not affect proceedings by mandamus or prohibition." But in sec. 2344 Gen. Stat., 2459 Rev. Stat., it is provided: "If any issue shall be joined on such proceedings [mandamus], the person or persons suing such writ shall and may try the same in such place as a civil action should or . might have been tried," &c. So that, whether we may look to the Code of Procedure to ascertain the meaning of "civil action," or whether it means "action on the case," under the practice before the Code, .as said in *State* v. *Treasurer*, in 10 S. C., 40, an issue in mandamus proceedings should be tried where the respondent resides. Judge Gary, sitting as a Court in the Seventh Circuit, would have no jurisdiction to hear and determine an application for mandamus arising and triable in the county of Richland, in the Fifth Circuit; therefore, according to the cases *supra*, he would have no jurisdiction to hear and determine such application at chambers in the Seventh Circuit. The fact that he was the Judge of the Fifth Circuit, wherein the cause arose and was triable, cannot alter the question, since he did not exercise the chambers jurisdiction of the Judge of the Fifth Circuit *within the Fifth Circuit.*

Having reached the conclusion that Judge Gary was without jurisdiction in the premises, the other questions presented need not be considered, since they do not properly arise.

The orders appealed from are reversed, and the proceedings dismissed.

MR. JUSTICE POPE concurs in result.

MR. JUSTICE GARY, concurring. The Constitution of 1895 confers jurisdiction upon Circuit Judges: First, to hold the courts in their respective circuits. Second, to hold the Courts in the circuits within which, by rotation, they are then presiding. Third, to issue at chambers writs of habeas corpus, mandamus, quo warranto, certiorari, pro-

hibition, and interlocutory writs or orders of injunction. The Constitution also contains a provision that "the Judges of the Circuit Courts shall have such powers at chambers as the General Assembly may provide." Ordinarily, a Circuit Judge has no jurisdiction except in his own circuit or that in which by rotation he is then presiding. The Code provides for certain exceptions to this rule, but this case does not fall within those exceptions.

After a careful consideration of the various provisions bearing upon this question, it does not appear that there was an intention to confer upon Circuit Judges jurisdiction at chambers of proceedings in mandamus and prohibition more extensive as to territorial limit than is conferred in other cases—such, for instance, as habeas corpus, certiorari, quo warranto, and interlocutory writs or orders of injunction. I, therefore, concur in the conclusion announced in the opinion of Mr. Justice Jones.